CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar Number 14746
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
jacob.operskalski@usdoj.gov
*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>EDUARDO LOPEZ,<br><br>  Defendant. | Case No.: 2:20-cr-00119-RFB-DJA<br><br>**Stipulation for a Protective Order**<br>(First Request) |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the defendant, EDUARDO LOPEZ, the public, or any third party not directly related to this case, any and all unredacted body-worn camera footage discovery (the "Protected Material") in this case. The parties state as follows:

1. On June 10, 2020, a grand jury returned an indictment charging LOPEZ with one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 4.

2. The trial was recently continued and is currently set for February 21, 2022.

3. The government has already produced initial redacted discovery----Bates-stamped items to defense counsel.

4.  The defendant, EDUARDO LOPEZ, has access to review and obtain copies of all redacted discovery produced by the government to defense counsel.

5.  The government has body-worn camera footage from Las Vegas Metropolitan Police Offers who assisted with the apprehension of the defendant in this case. Some of the unredacted video footage includes images of and personal identifying information of a potential victim(s), witnesses, and unrelated persons to this investigation. The government believes that dissemination of the unredacted discovery ("the Protected Material") in its entirety could reveal personal identifying information of a potential victim(s), witnesses, and persons unrelated to this investigation.

6.  In order to protect the potential victim(s), witnesses, and unrelated persons involved in and revealed by the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing the attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals"). The defendant, EDUARDO LOPEZ, shall not review or obtain a copy of the Protected Material.

7.  Without leave of Court, the Covered Individuals shall not:

    a.  make copies for, or allow copies of any kind to be made by any other person of the Protected Material in this case or permit dissemination of the Protected Material at the Southern Nevada Detention Center jail facility, or any other detention facility where the Defendant is housed, to include leaving a copy of the Protected Material at any detention facility where the Defendant is housed;

    b. allow any other person to watch, listen, or otherwise review the Protected Material;

    c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charge in the indictment or any further superseding indictment arising out of this case; or

    d. attach the Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

  8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice.  If the defendant proceeds to trial or any evidentiary hearing, the parties will confer to determine whether it will be necessary for the government to disclose redacted versions of certain videos that would not be subject to the terms of this protective order.

  9. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

///

///

///

///

///

///

///

///

///

///

10. The defense hereby stipulates to this protective order.

DATED this October 8, 2021.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/ *Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

RENE L. VALLADARES
Federal Public Defender

/s/ *LaRonda Martin*
LaRONDA R. MARTIN
JAWARA GRIFFIN
Assistant Federal Public Defenders and Attorneys for Defendant EDUARDO LOPEZ

**IT IS SO ORDERED:**

_____
HONORABLE RICHARD F. BOULWARE, II
United States District Judge

DATE: November 9, 2021, *nunc pro tunc* dated October 9, 2021.